# IN THE SUPREME COURT OF TEXAS

No. 19-0777

IN RE CENTERPOINT ENERGY HOUSTON ELECTRIC, LLC, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BOYD, concurring.

Having authored the Court's unanimous opinion a few terms ago in *Oncor Electric Delivery Co. v. Chaparral Energy, LLC*,[1] and having joined the CHIEF JUSTICE's dissenting opinion last week in *In re Oncor Electric Delivery Co.*,[2] I would grant mandamus relief in this case, holding that the Public Utility Regulatory Act gives the Public Utility Commission exclusive jurisdiction to resolve the issues underlying the plaintiffs' claims. But the Court's majority in *Oncor* held that the Act grants the Commission exclusive jurisdiction only over "customer-utility disputes regarding Commission-regulated activity," specifically claims that "complain[] about the utility's rates or its provision of electrical service."[3] Although I disagreed with that decision, it now

---

[1] 546 S.W.3d 133, 141 (Tex. 2018) ("In light of section 32.001(a)'s express language and the comprehensive regulatory scheme PURA creates, we conclude that PURA grants the PUC exclusive jurisdiction over *all matters* involving an electric utility's rates, operations, and services." (emphasis added)).

[2] __ S.W.3d __, __ (Tex. June 25, 2021) (No. 19-0662) (HECHT, C.J., dissenting) ("[T]he Legislature has chosen to ensure comprehensive regulation of electric utilities for the public good by giving the PUC jurisdiction to decide their legal duties related to operations and services to the exclusion of judges and juries.").

[3] *Id.* at __.

constitutes the Court's binding precedent. And although I'm concerned that the ambiguity of the Court's new limitations will produce greater confusion and generate further litigation over the extent of the Commission's jurisdiction, I do agree that this case—in which the plaintiffs were not the utility's customers and do not complain about the utility's failure to provide electrical service— does not fit within those limits. In short, I agree that the plaintiffs here are not the "kind of 'affected person' who may bring a claim to the Commission" and have not brought "the kind of claim that the Commission can adjudicate," at least under the Court's reasoning in *Oncor*.[4] I therefore respectfully concur in the Court's disposition, without joining its opinion.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: June 30, 2021

---

[4] *Id.* at __.

2